## SCHULTE et al. v. HATCHER.

No. 19980. Opinion Filed May 19, 1931.

W. F. Schulte, for plaintiffs in error.

Holt & Gilbreath, for defendant in error.

LESTER, C. J. The plaintiff in error appeals this case solely on the alleged grounds of disqualification of the trial judge.

In the brief of the plaintiff, page 3, it is stated:

"As no issue is involved in this appeal so far as the contents of this judgment is concerned, same is not set out in full herein."

Also, at page 4 of the same brief, it is stated:

"In order that this court may understand the issue involved on this appeal we will state frankly that there is no issue on the appeal so far as the merits of the case are involved. The issue to be determined on this is the right of Honorable Orel Busby, resident judge, to try this case after placing the same on the disqualified docket."

It appears that the plaintiff in error, as defendant in the court below, filed and presented to the trial judge an unverified statement to the effect that he, the trial judge, was disqualified on the ground that the trial judge and the defendant disliked each other and that they never spoke to each other except when official business required it.

The trial judge overruled the motion of the movant in that court. Thereafter the plaintiff in error and his counsel refused to appear further in said cause until after the jury had been impaneled and the cause submitted to them and a verdict rendered by them for the amount claimed to be due upon a certain promissory note executed by the defendant and secured by mortgage. Thereafter the plaintiff in error filed a motion in the court below for a new trial, which was overruled, and plaintiffs in error prosecute this appeal in this court solely on the alleged disqualification of the trial judge.

The case-made contained a recital that the trial judge had formerly caused a docket to be made up of cases in which he was disqualified and among the cases therein listed was the case in which the plaintiffs in error were parties defendants. It was not shown whether the particular cause was so listed by the direction of the trial judge or in what manner said cause became so listed.

We hold that where a party seeks to disqualify a trial judge and such judge refuses to disqualify, the parties may not then refuse to appear further until after judgment and then seek to reverse said cause in this court solely on the ground of such alleged disqualification. It is the duty of a party to an

action to remain before the court and there present and preserve every legal right in the proceedings, so that if it became necessary, this court may be enabled to review the full proceedings.

Judgment is affirmed.

RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating. SWINDALL, J., absent.