## HARRIS et al. v. NATIONAL LOAN CO.

No. 25548.   Nov. 13, 1934.

Wimbish & Wimbish, for plaintiffs in error.

Denver N. Davison, for defendant in error.

BAYLESS, J.   This is an appeal from the district court of Pontotoc county, Okla., by Sam Harris and Lena Harris, who are defendants. The said court refused to vacate the order appointing a receiver, who was appointed upon the application of the National Loan Company, the plaintiff. The parties will be referred to as they appeared in the lower court.

The plaintiff filed an action to foreclose a real estate mortgage covering real property used as a hotel. In the petition it was alleged that plaintiff held an inferior chattel mortgage upon the furniture and equipment used to operate the hotel, but, without waiving said chattel mortgage lien, it did not seek relief thereon.

It set up grounds as to the real estate for the appointment of a receiver in said petition and asked for such relief. At the time the petition was filed, the plaintiff filed a separate application for the appointment of a receiver. In this application it was alleged that it was necessary for the preservation of the mortgaged estate to operate the hotel and to purchase additional equipment to operate it, and that it was necessary to appoint a receiver to do this. In effect, this pleading can be construed as an application for the appointment of a receiver for both the real and personal property, because if it should be granted, that would be the effect. On the same day the defendants filed a waiver of notice of the appointment of a receiver and consented to the appointment of J. I. McCauley as receiver.

On the same day the court entered an

order appointing J. I. McCauley receiver, and in this order recited the applications of the plaintiff, the waiver and consent of the defendants, and the introduction of evidence to support the applications.

The receiver qualified on December 8, 1932, the day of his appointment, entered upon the performance of his duties, and this status has continued uninterruptedly until April 18, 1934, when defendants filed a petition to vacate the order appointing said receiver. The grounds of the petition, summarily stated, are: (1) Illness of defendant Sam Harris, at the time of the appointment of the receiver, which incapacitated him from managing and operating the hotel, but which illness and incapacity no longer exist; (2) that the mortgaged property is ample security for the debt, and in addition other security was also given; (3) that the hotel property is the family homestead, from which they were wrongfully ousted by the receiver after his appointment; (4) the inexperience and incapacity of the receiver to manage such business, and the failure of the receivership proceedings to reduce the indebtedness; (5) the ability of the defendants to operate the business to the better interest of all concerned. Upon hearing, the court denied the petition to vacate. The defendants then posted bond as provided by statute, and received all the property in the hands of the receiver except his bank account in the amount of $900, which the court ordered him to hold. This appeal was then perfected.

The defendants assign six specifications of error. We will not set them out in order, but will set them out in the propositions under which they were argued.

Specifications of error 1 and 5, reading: (1) "The court erred in refusing to vacate its former order appointing a receiver"; and (5) "that the order of the court refusing to vacate the appointment of the receiver is contrary to law and not supported by sufficient evidence," are combined and argued under six subdivisions, to wit: (1) The appointment of a receiver is not a matter of right; (2) the provision in a real estate mortgage stipulating for the appointment of a receiver upon default is of no force and is against public policy; (3) no jurisdiction to appoint a receiver can be conferred by consent or stipulation; (4) the original order appointing was wrongfully made; (5) the order refusing to vacate the order appointing receiver is in effect an appointment or reappointment of receiver, and is governed by the law and facts existing at the time of the order refusing to vacate;

and (6) the right to a particular remedy is not a vested right, and the appointment of a receiver is a remedy.

Specifications of error numbered 2 and 3, reading as follows: (2) "The court erred in admitting over the objections of defendants incompetent and immaterial evidence"; and (3) "the court erred in excluding competent and legal evidence on behalf of defendants," are argued under one proposition and no elaboration is made.

Specification of error number 4, reading: "The court erred in refusing to require the receiver to turn over to defendants all of the property in his hands," was argued separately.

Specification of error number 6, reading: "For errors occurring in the trial to which the defendants duly excepted," was agued separately and is addressed principally to the asserted bias and prejudice of the trial court.

Divisions 1, 2, 3, and 6 of the combined specifications of error 1 and 5 will not be considered, because they were not presented to the trial court by the issues or arguments. There is nothing in the pleadings nor in the evidence in the trial of this case to indicate that those points were actually called to the attention of the trial court.

Division 4 of this combination of specifications, as to the wrongfulness of appointment, must be decided partly in the defendants' favor. The plaintiff's petition specifically alleged that, although it held a chattel mortgage against the personal property, no relief against said property was sought in the pleading filed, but the right to ask for such relief in the future was reserved. A receivership is ancillary or auxiliary to proper equitable relief; it is secondary and not primary or independent. 23 R. C. L. p. 11, sec. 5, and 53 C. J. p. 21, sec. 5. There is authority that exceptions to this rule exist, but in any event this situation is not one of them. The application for the appointment of a receiver is capable of being construed to ask for a receiver of the personal property as well as the real property, but it does not contain allegations sufficient to support any other relief as to the personal property. This omission is not remedied by any subsequent pleading. We hold that, even though consent was given by defendants to the appointment of a receiver, yet said defendants were entitled to ask to vacate said appointment at a subsequent date if they so desired. The arguments and authorities presented do not disclose any error in the appointment of the receiver as to

the real property. The record affirmatively shows that it was done upon notice, and even consent, but in addition to this, the record also affirmatively recites that evidence was heard. Upon the evidence introduced in the trial of this cause we cannot hold that the trial court erred in refusing to vacate this order.

Under division number 5 the argument is made that an order refusing to vacate an order appointing a receiver amounts to a reappointment of the receiver upon the record then made. If it is sought to apply this rule to the record before us upon the ground that the entire former order appointing receiver is void, then this argument must fall, for we have held that the original order was properly made in so far as the real property is concerned. It must also fall as to the personal property, because there are not sufficient issues or pleadings in the record to justify the appointment of a receiver for the personal property either at the first hearing or the second. We do not understand the rule of law contended for by the defendants to mean that in all instances the evidence and proceedings upon the motion to vacate must substitute for the evidence and proceedings in the former hearing. At most the rule is intended to say that, if error was made in the first proceeding, and the record at the subsequent proceedings, designed to vacate or amend, cures this error, the order of the court refusing to vacate the former order will be taken as a reappointment under the subsequent proceedings. Clearly, this rule does not apply here.

The specifications of error numbered 2 and 3 touch upon the admission and rejection of evidence and need not be discussed at length. We are holding herein it was error to appoint the receiver for the personal property, and in our opinion all of these alleged errors involve evidence touching upon this phase of the receivership. Even if these errors were well taken, they are only cumulative.

We are unable to see the force of the objections urged against the trial court's language, under the 6th specification of error. The impression may be gotten that the trial court was impatient with the defendants, but, under the record, it is admitted that the equitable aid of a court was sought and obtained and used by all of the parties until it suited the convenience of the defendants to dispense therewith; and then, for the court to be accused of an unfair abuse of judicial discretion involving these very matters is enough to justify some comment.

The last specification of error concerns the money in the hands of the receiver earned by all of the property held in the receivership by him. No attempt was made to allocate these earnings to the real property for personal property, if this could be done as a matter of accounting. The defendants claim it all. The receivership was asked for by the parties jointly (whether receivership by consent can be had legally or not), and for 16 months, so far as the record in this case is concerned, the parties abided the situation. From the record in this case it appears that the receivership's management of the property was good. He has not been paid any compensation. It is not clear whether all of the other expenses of the receivership have been paid or not. We direct the trial court to determine the expenses of the receivership, including the compensation for the receiver for all of his services, to charge them as costs in the case and to pay them as far as may be possible from the sum of money in the hands of the receiver; and, if a deficit results, to be paid as the other costs in the action are paid, but if a surplus remains, the same to be paid to the plaintiff to apply upon its lien indebtedness against the real estate.

The judgment of the trial court is modified as hereinbefore expressed, and, as modified and affirmed, is remanded to that court to be carried into effect.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur. BUSBY, J., disqualified. CULLISON, V. C. J., and ANDREWS, J., absent. OSBORN, J: I concur in the conclusion of the majority opinion relating to the real property, but dissent as to the conclusion reached therein as to the personal property.