### JONES et al. v. CABANISS.

No. 28751. Feb. 28, 1939.

Rehearing Denied April 18, 1939.

Second Petition for Rehearing Denied May 31, 1939.

Mitchell & Mitchell, for plaintiffs in error.

Meacham, Meacham & Meacham, for defendant in error.

GIBSON, J. This appeal is from an order denying motion to vacate the appointment of a receiver.

The district court of Custer county on November 8, 1937, entered a money judgment against appellant Jones and decreed an equitable lien therefor against a certain one-story brick business building in Clinton, Okla., equally owned by appellant and appellee, and in the possession of and occupied by appellant. Appeal from said judgment and decree was filed in this court on June 20, 1938, as case No. 28686, 185 Okla. 175, 91 P.2d 83.

On June 4, 1938, pursuant to an application filed April 26, 1938, the district court appointed a receiver to take charge of, preserve, pay taxes and assessments on, rent and receive rent and profits from said real property. Appellant filed motion to vacate the order appointing receiver on June 6, 1938. The motion was overruled, and appellant appeals.

Appellant charges that no hearing was had upon the application for appointment of receiver, notwithstanding the recital to the contrary in the order, and charges that no evidence was presented in support of the application.

The order appointing receiver in the instant case recites that the parties were present and evidence received. Though the court should not appoint a receiver unless the evidence warrant (53 C. J. 65-66), an order in a case of this character reciting that evidence was produced will not be vacated on the ground that evidence was not offered in the original proceeding for appointment, but the defendant in his attempt to vacate the receivership must show sufficient ground therefor. Harris v. National Loan Co., 169 Okla. 457, 43 P.2d 1038. This rule is justified in that a receivership is ancillary to or in aid of the relief sought in the main action, Id., and all proceedings had in the main action may be taken into consideration by the court when passing upon the petition for appointment. 53 C. J. 64. Here the main cause had been fully heard by the court. All circumstances surrounding the issues as there brought to the attention of the court constituted evidence for its consideration when making the appointment. We must presume that those circumstances, lying within the court's judicial knowledge, were sufficient to warrant the appointment of receiver, in the absence of a proper showing to the contrary by defendant on his motion to vacate.

Defendant seeks reversal on the ground that the trial judge refused to certify his disqualifications upon application therefor duly presented. In this connection it is charged that the trial judge after refusing to certify his disqualifications forced defendant to trial without allowing him time to proceed by mandamus under the statute (section 2915, O. S. 1931, 22 Okla. Stat. Ann. sec. 575) to compel disqualification.

This circumstance has not injured defendant so far as his right to review of the matter is concerned. He was authorized to proceed by mandamus or to present his defense and preserve his rights throughout the trial. Schulte v. Hatcher, 148 Okla. 103, 299 P. 434. As was said in the case In re Miller's Estate, 182 Okla. 534, 78 P.2d 819, "The procedure, under proper circumstances, may be by mandamus, or the party may object and save his exceptions to the overruling of his petition for disqualification and proceed with his cause, and thus save the question for review." Defendant chose the latter course. The burden was upon him to present proof of disqualifying circumstances. We find no sufficient proof thereof in the record.

Defendant asserts that the trial court was without jurisdiction to appoint a receiver for the property after judgment had been duly superseded and appealed to the Supreme Court. It is charged that such appointment materially affected the rights of the parties as adjudicated by the judgment, and was therefore null and void. Wagoner Oil & Gas Co. v. Goad, 136 Okla. 29, 275 P. 1036. The appeal had not been lodged here when the receiver was appointed. Section 773, O. S. 1931, 12 Okla. Stat. Ann. sec. 1551, specifically authorizes the trial court after judgment to appoint a receiver for the property in litigation "to preserve it during the pendency of an appeal." Actually, the immediate question is whether the supersedeas deprived the court of the power to make the appointment. It is claimed in this connection that

the bond protected plaintiff's every right sought to be protected by the receivership, and that the court is thereby attempting to accomplish the very ends now held in abeyance by said bond.

It appears from this record that the trial court by order in the main cause authorized the defendant to post cash bond in lieu of the customary statutory undertaking. We are not informed as to the conditions of the bond, whether it purports to protect defendant for any deficiency after sale of the premises, or for waste, or for the value of the use of the property pending appeal. These conditions are all important in determining the extent of plaintiff's protection under the supersedeas bond. We cannot presume anything concerning its conditions. It is true that section 543, O. S. 1931, 12 Okla. Stat. Ann. sec. 968, sets out the conditions of such bonds, but they are not presumed to contain such provisions, nor are they read into a bond as a part thereof, The extent of liability upon a supersedeas bond is to be gathered from the provisions of the bond. See Local Building & Loan Ass'n v. Hall, 145 Okla. 206, 292 P. 68. The conditions of the bond may have been contained in the order of the court aforesaid, but we do not have the order before us. We are therefore unable to ascertain from this record whether the supersedeas protected plaintiff against the matters sought to be protected by the receivership. It follows that we are in no position to say that the trial court abused its discretion in making the appointment. Unless an abuse of discretion is shown in such case, the action of the court will be allowed to stand. Boynton Gas & Electric Co. v. Mosier, 179 Okla. 232, 65 P.2d 448.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DAVISON, JJ., concur.