STATE ex rel. BENNETT et al. v. CHILDERS, Dist. Judge.

No. 29839. Sept. 24, 1940.

*105 P. 2d 762.*

G. M. Barrett, of Hugo, and F. L. Welch, of Antlers, for relators.

R. H. Stanley, of Hugo, and C. E. Dudley, of Antlers, for respondent.

HURST, J. This is an original proceeding for a writ of mandamus to compel respondent, Hon. Geo. R. Childers, district judge of Pushmataha county, to certify his disqualification in two cases now pending in his court. Petitioners filed an application, supported by affidavits, requesting such disqualification, which was denied.

The two cases in which disqualification of respondent is sought, in which petitioners are defendants, involve the title to timber lands. In one of these cases Mrs. J. O. Musgrave is plaintiff, and in the other Paul Musgrave, the son of Mrs. Musgrave, and her alleged agent. After the pleadings had been filed, and the cases were at issue, one of the plaintiffs' two attorneys accepted employment with the government, and withdrew from the cases. Thereupon, after the cases were set for trial, the plaintiffs employed Wayland Childers, a son of the judge, whose office was maintained in Idabel, county seat of McCurtain county, some 70 miles distant, to assist in these cases, and in two others in which they were parties. Petitioners assert that since Wayland Childers was employed in the four cases all the rulings made therein by respondent have been favorable to his clients. The two cases involved in this proceeding were set for jury trial. Plaintiffs' motions for continuance on the ground that they had been unable to serve subpoena on a certain witness were sustained by respondent over the objections of petitioners, although these motions fail to comply, in several material respects, with the requirements of section 397, O. S. 1931, 12 O. S. A. § 668. Defendants' motion, however, that the two cases be

placed on the nonjury docket, opposed by plaintiffs, was denied by respondent. But when the cases appeared on the next jury docket they were stricken therefrom on the representation by the plaintiffs' attorneys that they were nonjury cases.

In the two other cases in which the son was employed by the Musgraves, the record shows that in one a temporary injunction issued against the Musgraves was dissolved by respondent, after he had refused to disqualify in that case. Thereafter the case was set for trial on its merits before another judge, who had been assigned to try a docket in that county. But permission to file an amended answer, granted by respondent to attorneys for the Musgraves over the objection of opposing counsel, precluded the assigned judge from trying the case. In the other the trial had resulted in a hung jury, and the case was again set for trial. On motion of the Musgraves' attorneys it was continued. In all these proceedings the son of respondent was an active participant.

At a hearing held on the motions to disqualify respondent, Wayland Childers testified that his fees in these cases were to be cash, payable regardless of the outcome of the cases, and a portion of the fees had been paid to him, and that he told Mrs. Musgraves that if he took a contingent fee contract it would disqualify the judge, which would be unjust to her.

Respondent denies that he is in any way biased or prejudiced against petitioners, and states that the fees to be received by Wayland Childers are not contingent. He also asserts that in certain respects the proceedings in connection with the motion to disqualify him, which was denied by him, were defective, but in view of the fact that the matter was fully presented to him at a hearing which both sides attended and participated in, we think these objections need not be discussed. Attention is also called to the fact that at such hearing Wayland Childers offered to withdraw from the two cases involved, and that respondent offered to place the cases on the jury docket.

In State ex rel. Mayo v. Pitchford, 43 Okla. 105, 141 P. 433, it was held that the statute (sec. 2911, O. S. 1931, 22 O. S. A. § 571) should receive a broad and liberal construction, so as to effectuate the purpose of the Legislature and the spirit of section 6, art. 2, of the Constitution, which requires that "right and justice shall be administered without sale, denial, delay or prejudice." It was said in that case that not only must the judges presiding over the courts of this state be honest, unbiased, impartial, and disinterested in fact, but that it is of the utmost importance that all doubt or suspicion to the contrary be jealously guarded against, and, if possible, entirely eliminated, if we are to maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state. It was further said that every litigant is entitled to nothing less than the cold neutrality of an impartial judge, who must possess the disinterestedness of a total stranger to the interests of the parties involved in the litigation, whether that interest is revealed by the record or by evidence outside the record.

This construction of our statute has been adhered to by this court in subsequent decisions. It is based upon sound reason. The proper administration of justice, and respect for the courts, depend not only upon the intrinsic integrity, fairness, and impartiality of the judges, but upon their reputation therefor in the communities in which they serve. Not only is it their duty to decide and adjudge the rights of litigants honestly, fairly, and impartially, but it is also their duty to scrupulously refrain from sitting in any case, or, under any circumstances, which might reasonably tend to give rise to doubt or suspicion as to their complete disinterestedness.

As is well said in State ex rel. Barnard v. Board of Education of City of Seattle, 19 Wash. 8, 52 P. 317, quoting from another decision:

" 'Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge. * * *' "

And in Cotulla State Bank v. Herron (Tex. Civ. App.) 202 S. W. 797, 798, it is said:

"It is to be regretted that a judge should try a case in which there is the least ground upon which to base a claim for his disqualification, and, if an error is ever made as to disqualification, it should be in favor of the disqualification rather than against it. An independent, unbiased, disinterested, fearless judiciary is one of the bulwarks of American liberty, and nothing should be suffered to exist that would cast a doubt or shadow of suspicion upon its fairness and integrity."

See, also, 33 C. J. 988.

Viewed from this standpoint, we feel that it was the duty of respondent in this case to disqualify himself in these cases when the peculiar chain of circumstances set forth above was called to his attention. They were of a nature to cause doubt of the impartiality of the judge in the minds of persons having knowledge thereof, and to produce in the mind of the defendants in the action the belief that the judgment would probably be unconsciously influenced by these circumstances and by their effort made to disqualify him by reason thereof.

We are reminded that in a previous case respondent refused to disqualify, although in that case his son was attorney for one of the parties, and his fee was upon a contingent basis. See Callahan v. Childers, 186 Okla. 504, 99 P. 2d 126. While the statute does not contemplate the disqualification of a judge for trivial reasons, or upon the mere whim or fancy of a litigant, a request to disqualify should receive the most careful consideration and should be granted where any substantial reason or ground therefor appears. While such an application is addressed to the sound discretion of the judge (Gee v. Security Bank & Trust Co. of Enid, 186 Okla. 477, 98

P. 2d 922), yet in the exercise of that discretion the judge should be governed by the principle announced in Cotulla State Bank v. Herron, supra, and err in disqualifying rather than in refusing to do so. And this court, in an action of this nature, will follow the same rule.

We therefore conclude that the petition for the writ of mandamus should be granted.

Writ granted.

BAYLESS, C. J., and OSBORN, CORN, GIBSON, and DAVISON, JJ., concur. WELCH, V. C. J., not participating. RILEY and DANNER, JJ., absent.