## MORISSETTE v. MUSGRAVE.

No. 29648.   Dec. 10, 1940.

*108 P. 2d 123.*

F. L. Welch, of Antlers, for plaintiff in error.

Wayland Childers, of Idabel, for defendant in error.

NEFF, J.   This is an appeal from an order of the Honorable George R. Childers, judge of the district court of Pushmataha county, Okla., vacating a temporary injunction theretofore granted; and from an order entered incidentally to the hearing of the motion to dissolve the injunction, wherein the judge refused to disqualify in the matter to be heard.

Plaintiff sued to enjoin defendant from cutting timber on a tract of land, alleging that defendant was claiming an interest in the timber and was cutting and removing same. A temporary order was issued and at a later hearing a temporary injunction was granted, enjoining defendant from cutting or molesting the timber.

Defendant thereafter filed a motion to dissolve the injunction. When this motion was heard, plaintiff's attorney sought to have the district judge disqualify, by reason of certain circumstances connected with the case, which request was refused. The court then heard the motion on its merits, dissolved the temporary injunction, and further refused to allow plaintiff to supersede the order, pending appeal to this court. From this order plaintiff has appealed.

One contention is that the trial judge erred in refusing to disqualify. On the date of hearing of the motion to dissolve the injunction, plaintiff's attorney made application for disqualification and change of judge, and asked either to be allowed to dictate the application into the record, or to be given time to prepare and present same. The judge thereupon stated that he had already indicated his intention to refuse to disqualify, and that plaintiff might dictate the motion into the record, inasmuch as he might want to appeal therefrom. This was done without objection from defendant's attorney other than that he stated he did not wish to waive anything.

The grounds for disqualification stated by plaintiff are: That defendant's attorney is the son of the district judge hearing the motion; that defendant had pending certain other lawsuits, in which other attorneys had been employed, said cases being at issue; that shortly before a jury term at which the cases were to be tried defendant employed the judge's son to assist in the handling of these cases; that said cases were thereafter continued and not tried, and that all rulings made in such cases were immediately and from that time favorable to the defendant. Certain other matters were set forth which need not be noted here.

A related matter has been before this court in the recent case of State ex rel. Bennett et al. v. Childers, Dist. Judge, 188 Okla. 14, 105 P. 2d 762. It is worthy of consideration that the case now on appeal was one of the four lawsuits mentioned in the Bennett Case, supra, wherein the son had been employed by the present defendant. Disqualification was therein sought upon substantially the same grounds as are present in the case now on appeal, and a writ of mandamus was granted, compelling the trial judge to certify his disqualification. For a more complete statement of the reasons for our holding herein, see that case.

In the Bennett Case, supra, we held that the petitioner was entitled to a writ of mandamus to compel the district judge to disqualify, upon the authority of State ex rel. Mayo v. Pitchford, 43 Okla. 105, 141 P. 433, wherein it was held that judges presiding over the courts of this state must not only be honest, unprejudiced, unbiased, and disinterested in fact, but that it is also of the utmost importance that any doubt or suspicion to the contrary be guarded against, to the end that the full force and effect of the high ideals and salutary safeguards written into the organic law be maintained.

In Callaham v. Childers, Dist. Judge, 186 Okla. 504, 99 P. 2d 126, the syllabus states:

"Where circumstances and conditions surrounding litigation are of such nature that they might cast doubt and question as to impartiality of any judgment the trial judge may pronounce, said judge should certify his disqualification."

In State ex rel. Garrett v. Freeman, 102 Okla. 291, 229 P. 296, the principle upon which cases of this kind are based was stated:

"It is important, not only that this case be tried by a fair and impartial judge, but also that this court shall see to it that *no suspicion* attach to the course of judicial proceeding, in order that it may be made apparent, insofar as possible, *to the community,* that the judicial proceedings are impartial and beyond reproach; this to the end that the confidence in our judicial system may be sustained."

Although the fact that a father and son relationship exists between a judge

and an attorney is not sufficient, standing alone and of itself, to disqualify a judge (Callaham v. Childers, supra), it is important in all cases where any question or doubt might arise in connection with such relationship that attention be given to the surrounding circumstances. The relationship plus other circumstances may be sufficient, depending upon the situation existing in the particular case. See the Callaham Case. The presence of such circumstances in the matter now before this court is of sufficient importance to justify our holding herein, particularly in view of the statements in the Bennett Case, supra, without further elaboration or detail as to the facts.

Contention is made by defendant that the plaintiff did not comply with section 2915, O. S. 1931, 22 Okla. St. Ann. § 575, requiring the party seeking the disqualification to file written application therefor, setting forth the facts upon which such claim is based, and to give notice to the opposing party that such application is to be presented. It is urged that no such notice of intention to present an application was given by plaintiff and that the defendant was entitled to "reasonable notice" under the statute.

Defendant's attorney was present when the application was made and offered no objection thereto. Furthermore, the trial judge stated that he deemed it proper for plaintiff to dictate the application into the record at that time, inasmuch as the court had already indicated his intention to refuse to certify his disqualification anyway, and desired to give plaintiff, in this manner, his ground for appeal.

Plaintiff's attorney presented the application with the request that he either be allowed to present it orally, or that he be given time to prepare and file his application. Since it was not objected to, and since it was allowed by the judge with the understanding that the action was for the purpose of saving plaintiff grounds for appeal, we are of the opinion that the error, if any,

was harmless. All parties, and particularly the court, treated the application as if properly written and filed.

We are not unmindful of the rule that one having knowledge of the alleged grounds of disqualification for more than three days prior to the trial, and failing to take the procedure required by section 2915, O. S. 1931, 22 Okla. St. Ann. § 575, will not be heard to urge said grounds for disqualification on appeal. Holloway v. Hall, 79 Okla. 163, 192 P. 219; Prowant v. Sealy, 77 Okla. 244, 187 P. 235; Hausam v. Parker, 31 Okla. 399, 121 P. 1063. But in exceptional cases, especially where the demands of public policy require disqualification, this court has the power to correct the error in refusing to disqualify, even as late as on the appeal, and will use that power if same is necessary to promote justice or insure popular respect for the courts. In Jones v. Cabaniss, 185 Okla. 237, 90 P. 2d 650, it was said:

"In this connection it is charged that the trial judge after refusing to certify his disqualification forced defendant to trial without allowing him time to proceed by mandamus under the statute. * * * This circumstance has not injured defendant so far as his right to review of the matter is concerned. He was authorized to proceed by mandamus or to present his defense and preserve his rights throughout the trial. Schulte v. Hatcher, 148 Okla. 103, 299 P. 434. As was said in the case In re Miller's Estate, 182 Okla. 534, 78 P. 2d 819, 822, 'The procedure, under proper circumstances, may be mandamus, or the party may object and save his exceptions to the overruling of his petition for disqualification and proceed with his cause, and thus save the question for review.' Defendant chose the latter course."

In the case of In re Miller's Estate, 182 Okla. 534, 78 P. 2d 819, 822, it was pointed out that the proceeding must be by application "unless the circumstances are such that the demands of public policy would require disqualification." This is the third case before this court involving this same peculiar

situation; and in view of the circumstances related in the Callaham and State ex rel. Bennett Cases, supra, we are of the opinion that the demands of public policy bring this case within the exception above noted.

For the reasons given, the judgment is reversed and the cause is remanded for new trial, with directions that the above-mentioned trial judge certify his disqualification.

BAYLESS, C. J., and RILEY, OSBORN, and HURST, JJ., concur.