HILL v. HILL.

No. 33775. July 5, 1950.

*220 P. 2d 450.*

Paul W. Updegraff, of Norman, for plaintiff in error.

David W. Taylor, of Norman, for defendant in error.

JOHNSON, J. The plaintiff in error here was defendant, and the defendant in error was plaintiff in the trial court. They will hereafter be referred to as they there appeared.

Plaintiff filed suit for divorce in the district court of Cleveland county, Oklahoma, on March 26, 1947, and was represented in said cause by Justin Hinshaw and Joe A. Smalley, attorneys at law, Norman, Oklahoma. Upon trial of the cause, plaintiff was awarded a decree of divorce and child support payments in the sum of $20 per month.

Thereafter plaintiff filed in the same case a motion to increase the child support payments. The motion was filed by David Taylor, attorney at law, Norman, Oklahoma. Justin Hinshaw, in the interim having been appointed by the Governor of Oklahoma as district judge in Cleveland county, made an order setting the said cause for hearing. Thereafter the defendant filed a motion requesting Justin Hinshaw, district judge, to disqualify for the reason that he was the original attorney of record for the plaintiff in the procuring of the decree in the said divorce and the original order of $20 per month child support. Judge Hinshaw refused to disqualify himself and proceeded to hear the cause, and, after the introduction of evidence on behalf of plaintiff, increased the child support payments from $20 per month to $50 per month. It is from the refusal cf the judge to disqualify himself in this cause that this appeal is taken after motion for a new trial was overruled.

The sole question of law involved in this appeal is whether or not Justin Hinshaw, district judge of Cleveland county, Oklahoma, was disqualified to sit in said case, having served as attorney for the plaintiff in procuring said decree of divorce and child support payments.

Title 22 O. S. A. §571 provides:

"No judge of any court of record shall sit in any cause or proceeding in which he may be interested, or in the result of which he may be interested, or when he is related to any party to said cause within the fourth degree of consanguinity or affinity, or in which he has been of counsel for either side, or in which is called in question the validity of any judgment or proceeding in which he was of counsel or interested, or the validity of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties to said action entered of record: Provided, that the disqualifications herein imposed shall not exclude the disqualifications at common law."

This section and sections 572 and 573 of this title apply to both criminal and

civil cases, and we think a district judge, who prior to his appointment was one of the attorneys for plaintiff and participated in the trial of a cause involving divorce and order for child support in the sum of $20 per month "until further order of the court," is, under section 571, supra, without the consent of the parties to the action being entered of record, disqualified to act as judge in hearing a motion in the same case to increase the child support payments, or to make any order except that showing his disqualification. Dodd et al. v. State, 5 Okla. Cr. 513, 115 P. 632; 30 Am. Jur., Judges, sec. 80; 48 C. J. S., Judges, sec. 83.

It is contended by the plaintiff that in case we hold that the judge was disqualified that the defendant is not entitled to a reversal of the judgment as finally rendered because it was a proper one. With this we do not agree. Every person has, under art. II, secs. 6 and 7 of our State Constitution, certain rights in our courts of justice which would include a hearing before a judge who is free from inhibitions found in Title 22 O.S.A. §571, supra, Oklahoma Const. art. II, sec. 6, and the common law. Am. Jur. and C.J.S., supra.

The judgment is reversed, with directions to proceed in accordance with the views herein expressed.

WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.