STATE ex rel. HEARD v. SULLIVAN, Dist. Judge.

STATE ex rel. CALDWELL v. SULLIVAN, Dist. Judge.

Nos. 35415, 35416. Feb. 12, 1952.

*240 P. 2d 1109.*

Paul & McPheron, Durant, for petitioners.

Sam Sullivan, District Judge, Durant, pro se.

PER CURIAM. This is an original proceeding for a writ of mandamus to require respondent, Hon. Sam Sullivan, District Judge of the 19th Judicial District of Oklahoma, to certify his disqualifications in two cases now pending in his court.

Petitioners filed applications in the district court of Bryan county, Oklahoma, in each cause, supported by affidavits requesting such disqualification, but which, after a hearing before said judge, wherein evidence was adduced in favor of said applications, were denied.

The relator, Herbert Heard, has filed a petition in this court in cause numbered 35415 and Jack Caldwell in number 35416. Since they concern the same subject matter and applicable principles of law, we shall consider the same as consolidated.

From the petitions of each filed herein, it appears that Herbert Heard is county commissioner of district No. 1 and Jack Caldwell is county commissioner of district No. 3 of Bryan county, Oklahoma; that a grand jury returned an accusation against Herbert Heard (No. 18650 in the district court, Bryan county, Oklahoma) and Jack Caldwell (No. 18651 in the district court, Bryan county, Oklahoma) wherein each sought to be immediately suspended and finally permanently ousted and removed from office as county commissioners of their respective districts; that there is now pending in each case a motion to quash the grand jury's accusation (indictment).

They each assert that they filed their applications in the respective district court cases requesting the district judge to certify his disqualification therein because he was biased and prejudiced against them, and that they could not obtain a fair and impartial trial.

When these cases were filed in this court, each petitioner asked for a writ of mandamus and thereafter hearing thereon was set for February 11, 1952. Judge Sullivan wrote a letter to this court in which he stated that he did not plan to formally appear and resist the applications of defendants; but that we may consider the letter as his response, and it is so considered.

An examination of the evidence discloses statements attributed to Judge Sullivan, as having been made to other persons about each of the defendants which, whether true or false, were grave indictments against each of the defendants as officers. The record does not disclose any denial of such derogatory references. In any event, there is enough in the record to create some doubt as to the impartiality of the judge in the trial of these defendants.

Where there are circumstances of such a nature as to cause doubts as to a judge's partiality, bias or prejudice, it is his duty to disqualify, notwithstanding the fact that he personally believes himself to be unprejudiced, unbiased and impartial. State ex rel. Bennett v. Childers, District Judge, 188 Okla. 14, 105 P. 2d 762. To the same effect is Morissette v. Musgrave, 188 Okla. 222, 108 P. 2d 123. We believe the facts and circumstances herein invoke the rules announced in the above cases.

Writ granted.

HALLEY, V.C.J., and CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.