**Herbert HEARD, Petitioner,**

v.

**Honorable Sam SULLIVAN, Judge of the District Court of Bryan County, Oklahoma, Respondent.**

**No. 36767.**

Supreme Court of Oklahoma.

Feb. 23, 1955.

Paul & Montgomery, Durant, for petitioner.

Wallace W. Gates, County Atty., Bryan County, Durant, for respondent.

WILLIAMS, Vice Chief Justice.

This is an original proceeding for a writ of mandamus to require respondent, Hon. Sam Sullivan, Judge of the District Court of Bryan County, Oklahoma, to certify his disqualification in two cases now pending in his court.

The same parties, the same question, and virtually the same factual situation were before this court in Case No. 35,415, styled

State ex rel. Heard v. Sullivan, Judge, decided Feb. 12, 1952, the opinion therein being reported in 206 Okl. 43, 240 P.2d 1109. The only material difference between that case and the one at bar is that the cited case involved respondent's refusal to disqualify as trial judge in the ouster proceedings pending against petitioner, whereas the present case involves respondent's refusal to disqualify in two criminal cases pending against petitioner.

■ It is suggested that this court has no jurisdiction to issue the writ requested because the cases in which respondent's disqualification is here sought are criminal cases and by specific statute, 20 O.S. 1951 § 40, the Criminal Court of Appeals has exclusive appellate jurisdiction in criminal cases. Jurisdiction to issue the writ in question, however, is not a matter of appellate jurisdiction, statutory or otherwise. It bears no relation to mere appellate jurisdiction but is a matter of constitutional original jurisdiction exclusively in this court. Sec. 2, Article VII, of the Constitution of this state provides, that the appellate jurisdiction of this court shall extend to all civil cases at law and in equity and that the original jurisdiction of this court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. The grant of general superintending control over inferior courts is in the nature of original jurisdiction, and is separate and distinct from and in addition to the general appellate jurisdiction of this court. In paragraph 3 of the syllabus in State ex rel. Freeling v. Kight, 49 Okl. 202, 152 P. 362, we said:

"By section 2, art. 7, of the Constitution (section 187, Williams' Ann. Const.), the Supreme Court is given jurisdiction to exercise a general superintending control over all inferior courts and all commissions and boards created by law, and this jurisdiction is a separate and distinct grant from its appellate jurisdiction."

Such original jurisdiction must necessarily include the issuance of the writ herein sought.

■■ On the authority of the case of State ex rel. Heard v. Sullivan, supra, the writ herein sought is granted and the syllabus in that case and the 3rd paragraph in the syllabus of State v. Kight, supra, are hereby adopted as paragraphs 1 and 2, respectively of the syllabus herein.

JOHNSON, C. J., and WELCH, CORN, DAVISON, ARNOLD, HALLEY and JACKSON, JJ., concur.