W. A. GRAHAM and Gena Couchran, nee Graham, Plaintiffs in Error,

v.

Jennie GRAHAM, Defendant in Error.

No. 41146.

Supreme Court of Oklahoma.

Oct. 10, 1967.

Joe K. Page, Poteau, for plaintiffs in error.

Windham & Hamilton, Poteau, for defendant in error.

PER CURIAM.

The plaintiffs in error were the plaintiffs below and the parties will be referred to as they appeared in the trial court.

This is an action to cancel a deed. After the case had been set for trial on May 8, 1964, the plaintiffs filed a motion to disqualify the trial judge which was heard on May 8th and denied. The parties were thereupon ordered to proceed to trial. Plaintiffs declined to introduce testimony and the case was dismissed without prejudice for want of prosecution. Plaintiffs have appealed from the order overruling their motion for a new trial.

■ Defendant filed a motion to dismiss on jurisdictional grounds. We have examined the record and find this appeal was properly perfected and that this Court does have jurisdiction. The motion to dismiss is denied and the appeal will be considered on its merits.

Plaintiffs contend that the failure of the trial judge to disqualify; in refusing to allow additional time in which to bring mandamus; and in refusing to continue the case constitutes reversible error.

■ In July 1963, the order setting the case for pre-trial was entered by the trial judge who plaintiffs contend should have disqualified. The motion to disqualify was prepared and discussed with the trial judge on May 4, 1964. It was not filed until May 6th. On May 8th it was heard and denied. Until the motion was filed the judge was not required to rule.

In Jones v. Cabaniss, 185 Okl. 237, 90 P.2d 650, we said:

"Defendant seeks reversal on the ground that the trial judge refused to certify his disqualifications upon application therefor duly presented. In this connection it is charged that the trial judge after refusing to certify his disqualifications forced defendant to trial without allowing him time to proceed by mandamus under the statute (section 2915, O.S.1931, 22 Okla.Stat.Ann. sec. 575) to compel disqualification.

"This circumstance has not injured defendant so far as his right to review of the matter is concerned. He was authorized to proceed by mandamus or to present his defense and preserve his rights throughout the trial. Schulte v. Hatcher, 148 Okl. 103, 299 P. 434. As was said in the case In re Miller's Estate, 182 Okl. 534, 78 P.2d 819, 822, 'The procedure, under proper circumstances, may be by mandamus, or the party may object and save his exceptions to the overruling of his petition for disqualification and proceed with his cause, and thus save the question for review.' Defendant chose the latter course. The burden was upon him to present proof of disqualifying circumstances. We find no sufficient proof thereof in the record."

■ A direct appeal does not lie from the refusal to disqualify. It has been held that upon such refusal "the parties may not then refuse to appear further until after judgment and then seek to reverse said cause in this court solely on the ground of such alleged disqualification. It is the duty of a party to an action to remain before the court and there present and preserve every legal right in the proceeding, so that, if it became necessary, this court may be enabled to review the full proceedings." Schulte v. Hatcher, 148 Okl. 103, 299 P. 434.

■ In Osage Implement Company v. Bottrell, Okl., 363 P.2d 940, we held that an application to disqualify a judge in a civil proceeding on the grounds of prejudice or bias is addressed to the trial court's sound discretion, whose ruling thereon will not be reversed on appeal, unless a clear abuse of discretion appears.

■■ In view of the time the motion to disqualify was filed, we are of the opinion the trial court did not commit reversible error in refusing time for the filing of a mandamus action or refusing to continue the trial. We are also of the opinion plaintiff failed to show the trial court abused its discretion in failing to disqualify.

Judgment affirmed.

All the Justices concur.

The Court acknowledges the services of VILLARD MARTIN, Jr., who with the aid

and counsel of G. C. SPILLERS, Jr., and JACK N. HAYS, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Vice Chief Justice IRWIN, for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.