**Billy Wayne TEEHEE, and State of Oklahoma ex rel. the Honorable David Harris, Associate District Judge in and for Adair County, Oklahoma, Appellees,**

v.

**Emma Sue TEEHEE, Appellant.**

**No. 70681.**

Court of Appeals of Oklahoma.

Sept. 25, 1990.

J. Dewayne Littlejohn, Stilwell, for appellee Billy Wayne Teehee.

Rex Earl Starr, Stilwell, for appellant.

REIF, Presiding Judge.

This appeal arises from a suit to foreclose a lien securing a money judgment in lieu of property entered in a previous divorce. The defendant in the instant case is the former wife of the plaintiff. She contested the priority of her former husband's money judgment lien and moved to disqualify the trial judge. The defendant asserted that the trial judge, while in private practice, represented the plaintiff in a divorce proceeding in 1980 which the parties abandoned due to reconciliation. The trial judge declined to disqualify, stating that he checked his old files and they did not show any representation of either one of the parties. At the direction of the supreme court, the chief judge of the judicial district reviewed the grounds for disqualification and declined to disturb the trial judge's decision not to disqualify. We hold, however, that the record and applicable law dictate that disqualification was required.

The supreme court has stated that "it is of the utmost importance that all doubt or suspicion [about impartiality] be jealously guarded against, and, if possible, entirely eliminated" and it is the duty of judges "to scrupulously refrain from sitting in any case, or under any circumstances, which might reasonably tend to give rise to doubt or suspicion as to their complete disinterestedness." *State ex rel. Bennett v. Childers*, 188 Okla. 14, 15, 105 P.2d 762, 763 (1940). By statute, "[n]o judge of any court shall sit in any cause or proceeding ... in which he has been of counsel for either side." 20 O.S.1981 § 1401(A). The former wife testified that the trial judge, while in private practice, appeared at a hearing in the 1980 divorce with her husband. In addition, the court file of that case contains two trial notices certifying that wife's lawyer mailed the notices to opposing counsel, the trial judge in the present case. The statutory directive and public policy behind it indicate that disqualification was required under these circumstances. In so holding, we do not question the integrity of the trial judge or his honest belief that he was not re-quired to disqualify, we simply enforce public policy to guard judicial decision-making from doubt and suspicion. Judgments in cases where a judge should have disqualified, but does not, are reversible and the matters encompassed therein are subject to redetermination. *Hill v. Hill*, 203 Okla. 260, 261, 220 P.2d 450, 451 (1950).

REVERSED AND REMANDED.

BRIGHTMIRE, C.J., concurs.

MEANS, J., concurs specially.

MEANS, Judge, specially concurring

I concur in the court's opinion as expressed by Judge Reif. I write separately to emphasize the mandatory disqualification expressed in the Code of Judicial Conduct. 5 O.S.1981, ch. 1, App. 4.

The supreme court adopted the present Code of Judicial Conduct to govern judicial behavior. Canon 3(C) sets forth the test for disqualification of a judge:

**C. Disqualification**

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

. . . .

(b) he served as lawyer in the matter in controversy....

The Code's standard for disqualification recites *an objective test*, not a subjective one. Under this test, a judge's impartiality is conclusively "reasonably questioned" when he has served as a lawyer in the matter in controversy. Once such an objective conclusion has been established, the personal views of the judge regarding his own impartiality are immaterial. *Merritt v. Hunter*, 575 P.2d 623, 624 (Okla.1978).

Judge Harris' prior representation of the ex-husband in the first divorce proceeding certainly places the judge in a position where his impartiality might be questioned. As Justice Frankfurter observed when stating the reasons for his recusal in *Public Utilities Comm. v. Pollak*, 343 U.S. 451, 467, 72 S.Ct. 813, 823, 96 L.Ed. 1068 (1952), "[t]he guiding consideration is that the administration of justice should reasonably

appear to be disinterested as well as be so in fact." I therefore concur in the majority view requiring disqualification.