2015 OK CIV APP 85

William H. LONG, an individual, Brad Waller, an individual, John M. Simpson, an individual, Ron Hau, an individual, Donya Hau, an individual, John Bell, an individual, Mary Bell, an individual, Rus Nation, an individual, Carol Nation, an individual, Lauren S. Boatman, an individual, James Wimmer, an individual, Terry Wimmer, an individual, Ron Cardwell, an individual, Jacci Cardwell, an individual, Mark S. Simpson, an individual, Donnie Robinson, an individual, Plaintiffs/Appellants,

v.

CITY OF PIEDMONT, a municipal corporation, Defendant,

and

Jeff Davis, an individual, Intervenor/Appellee.

No. 111973.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 23, 2015.

Rehearing Denied April 1, 2015.

Russell L. Mulinix, Riley W. Mulinix, Mulinix Ogden Hall & Ludlam, PLLC, Oklahoma City, OK, for Plaintiffs/Appellants.

Kevin H. Cunningham, Bass Law, Oklahoma City, OK, for Intervenor/Appellee.

KENNETH L. BUETTNER, Judge.

¶1 Plaintiffs/Appellants William H. Long, Brad Waller, John M. Simpson, Ron Hau, Donya Hau, John Bell, Mary Bell, Rus Nation, Carol Nation, Lauren S. Boatman, James Wimmer, Terry Wimmer, Ron Cardwell, Jacci Cardwell, Mark S. Simpson, and Donnie Robinson (collectively, Appellants) appeal the trial court's order awarding Intervenor/Appellee Jeff Davis attorney fees and costs pursuant to 12 O.S.2011 § 1384.2. Appellants also appeal the Presiding Administrative Judge's denial of their motion for rehearing for recusal of the assigned judge. After *de novo* review, we hold Davis is entitled to attorney fees and costs under 12 O.S. § 1384.2, and the trial court did not abuse its discretion by awarding Davis attorney fees and costs. Further, we hold that the denial of the motion for recusal is not a clear abuse of discretion. Affirmed.

¶2 Appellants sought a temporary restraining order (TRO) against Defendant City of Piedmont after the mayor appointed Davis to a vacant city council seat. Appellants claimed the appointment violated the City charter. On November 28, 2011, the trial court issued a TRO against the City. The TRO prohibited the City from allowing Davis to participate and serve as a council member. Davis filed a Motion to Intervene and Motion to Dissolve Temporary Restraining Order December 22, 2011. The trial

court granted Davis's Motion to Intervene January 13, 2012. After a hearing on Appellant's request for a temporary injunction and Davis's Motion to Dissolve Temporary Restraining Order January 23, 2012, the trial court found Davis was properly appointed to fill the vacancy and vacated the TRO.[1]

¶ 3 Davis filed an Application for Attorney's Fees February 24, 2012. A hearing on his application was set for March 28, 2012. Appellants made an *in camera* request for the recusal of the trial judge March 27, 2012. The trial court denied the request. Appellants filed a formal Motion for Recusal of Assigned Judge July 6, 2012. After a hearing, the motion was denied. Appellants filed a Motion for Rehearing with the Presiding Administrative Judge, which was denied January 22, 2013. Davis filed a Second Amended Application for Attorney's Fees February 7, 2013. On April 24, 2013, there was a hearing on Davis's Second Amended Application for Attorney's Fees. The trial court granted Davis's Second Amended Application for Attorney's Fees June 14, 2013. The trial court found Davis was entitled to attorney fees under 12 O.S. § 1384.2 and awarded him attorney fees in the amount of $20,281.25 and costs in the amount of $821.54. Appellants appeal.

¶ 4 The first issue on appeal is whether Davis is entitled to an award of attorney fees and costs. Oklahoma follows the American Rule as to the recovery of attorney fees. Generally, each litigant pays for their own legal representation, and our courts are without authority to assess attorney fees in the absence of a specific statute or contract allowing for their recovery. *See State ex rel. Tal v. City of Okla. City*, 2002 OK 97, ¶ 16, 61 P.3d 234. Whether a party is entitled to an award of attorney fees is a question of law subject to *de novo* review. *Finnell v. Seismic*, 2003 OK 35, ¶ 7, 67 P.3d 339. The appellate court has the plenary, independent and nondeferential authority to reexamine a trial court's legal rulings. *Id.*

¶ 5 Davis submits that 12 O.S. § 1384.2 allows the recovery of attorney fees. Title 12, § 1384.2 provides, "If a temporary restraining order is granted, the party restrained may recover the damages he sustained, including reasonable attorney's fees, if it be finally decided that the restraining order ought not to have been granted." Appellants acknowledge the TRO had an impact on Davis's ability to serve as a council member but argue that the TRO restrained the City, not Davis. Because Davis was not "the party restrained," he is not entitled to fees.

¶ 6 Where there is a statutory basis for awarding fees, an intervenor may be awarded attorney fees:

> One forced to intervene to protect his property should not be placed in a different position regarding the recovery of costs or attorney's fees than any other party to the litigation. If there is an appropriate contractual or statutory basis for awarding attorney's fees or if there are overriding equitable considerations warranting an exception to the general "American Rule," then, where a party would otherwise receive an award of attorney's fees, an intervenor may be awarded attorney's fees.

*Fed. Nat'l Bank & Trust Co. v. Ryan*, 1978 OK CIV APP 51, ¶ 17, 588 P.2d 592 (intervenor requesting attorney fees under 42 O.S. 1971 § 176). In this case, the appropriate statutory basis for awarding attorney fees is 12 O.S. § 1384.2. The TRO effectively restrained Davis's actions and prevented him from serving on the council, and Davis intervened. Therefore, Davis comes within the statute. The statute allows attorney fees if it is finally determined that the TRO should not have been granted. *See NBI Servs., Inc. v. Ward*, 2006 OK CIV APP 20, 37, 132 P.3d 619. In the final order entered June 14, 2013, the trial court specially found the TRO should not have issued at the November 29, 2011 hearing. There was no abuse of discretion in awarding Davis his attorney fees.[2] Appellants do not appeal the amount of the

1. Appellants sought extraordinary relief from the Oklahoma Supreme Court, which was denied.

2. The statute permits the court, at its discretion, to award attorney fees only after a determination that the TRO should have been entered, but does not require that result. *Kurtz v. Clark*, 2012 OK CIV APP 103, ¶ 14, 290 P.3d 779.

award. Therefore, we affirm the trial court's attorney fees award. We also affirm the trial court's award of costs. Costs come within damages allowed by the statute.

¶ 7 The second issue on appeal is whether the trial court's failure to recuse was improper. The trial court's decision on a motion to disqualify the trial judge in a civil case will not be reversed on appeal unless a clear abuse of discretion appears. *Graham v. Graham*, 1967 OK 210, ¶ 8, 434 P.2d 245. According to *Pierce v. Pierce*, 2001 OK 97, 39 P.3d 791:

> A judge "should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned...." 5 O.S.Supp.2000, Ch. 1, App. 4, Code of Judicial Conduct, Canon 3(E)(1). We have said that when circumstances and conditions surrounding litigation are of such a nature that they might reasonably cast doubt and question as to the impartiality of any judgment the trial judge may pronounce, said judge should certify his or her disqualification. We have also said that in disqualification proceedings the courts must be sensitive to the appearances of possible impropriety as well as to actual occurrences. The question of a judge's appearance of impartiality is determined by an objective standard.

*Id.* 13 (citations omitted).

¶ 8 Appellants point to the recording of a telephone conversation between an unidentified, potential witness for Appellants and Appellants' counsel December 1, 2011. The potential witness told Appellants' counsel that Phil Boevers said, "No matter what happens in Canadian County, we got the judge in the bag." Boevers is not a party to this lawsuit. Appellants assert that the "Boevers faction" was supportive of Davis's appointment and adverse to Appellants. Appellants also claim Boevers is business partners with Reta Strubhar and affiliated with Kenneth Dickerson. Strubhar and Dickerson are former Canadian County judges who previously served on the bench with the trial judge in this case.

¶ 9 Statements made by the unidentified, potential witness are hearsay. None of the affiants had personal knowledge of any state-

ments made by Boevers. Appellants' allegations of special relationships between the trial judge, Strubhar, Dickerson, and Boevers are too attenuated to support recusal. Appellants failed to show how the trial judge could be or was influenced by Strubhar, Dickerson, or Boevers. After reviewing the evidence, we hold the denial of Appellants' Motion for Recusal of Assigned Judge is not a clear abuse of discretion.

¶ 10 AFFIRMED.

GOREE, P.J., and MITCHELL, J. (sitting by designation), concur.