2001 OK CIV APP 2

**Brandon L. WELBORN,**
**Plaintiff/Appellant,**

v.

**Ronald L. WALLACE,**
**Defendant/Appellee.**

**No. 94949.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Oct. 6, 2000.

Rehearing Denied Dec. 1, 2000.

Rowland F. Carter, Enid, OK, for Appellant.

David H. Cole, Oklahoma City, OK, for Appellee.

## OPINION

CARL B. JONES, P.J.:

¶ 1 Appellant, Welborn, appeals an order dismissing his Amended Petition. Appellant's action was against his previous attorney, Ron Wallace, and sought a return of money paid to Wallace as a retainer fee to defend him in a criminal matter. Appellant fired Wallace and requested a refund of the unused retainer fee. According to Appellant, Wallace refused to return any of the retainer fee because it was "nonrefundable". At the time this action was brought, Appellant was incarcerated in the United States federal prison at El Reno.

¶ 2 Wallace's Motion to Dismiss for failure to state a claim upon which relief can be granted is on the basis that a prisoner may only file a civil suit such as this when he is claiming a violation of constitutional rights. He cites 12 O.S. Supp.1995 § 2003.1 and 21

O.S.1991 § 65 as authority. This Court will review a dismissal by the *de novo* standard. *Miller v. Miller*, 1998 OK 24, 956 P.2d 887. A motion to dismiss for failure to state a claim should not be sustained unless it appears without doubt that the plaintiff can prove no set of facts in support of the claim for relief. *Id.*

¶ 3 Title 12 O.S. Supp.1995 § 2003.1 provides in pertinent part:

"B. The following information shall be supplied by an inmate who is seeking relief in a civil action:

1. Plaintiff's full name;

2. Place of plaintiff's residence;

3. Name(s) of defendant(s);

4. Place(s) of defendant(s) residence;

5. Title and position of (each) defendant;

6. Whether the defendant(s) was (were) acting under color of state law at the time the claim alleged in the complaint arose;

7. Brief statement of the facts;

8. Grounds upon which plaintiff bases allegations that constitutional rights, privileges, or immunities have been violated, together with the facts which support each of these grounds; ..."

Title 21 O.S.1991 § 65 provides:

"A sentence of imprisonment under the Department of Corrections suspends all the civil rights of the person so sentenced, except the right to make employment contracts, during confinement under said sentence, subject to the approval of the Director of the Department of Corrections, when this benefits the vocational training or release preparation of the prisoner, and forfeits all public offices, and all private trusts, authority or power, during the term of such imprisonment. Provided however, such persons during confinement shall not be eligible to receive benefits under the unemployment compensation law."

¶ 4 The essence of the law according to Defendant/Appellee is that, except for alleged violations of constitutional rights, privileges or immunities, Appellant no longer has the capacity to bring a private civil action.

In other words, he is under a legal disability while he is an inmate within the prison system. Appellee's interpretation of the law is correct.

¶ 5 In considering an earlier yet similar version of 21 O.S. § 65, our Supreme Court distinguished "civil rights" from "natural rights". *Byers v. Sun Savings Bank,* 1914 OK 78, 139 P. 948. Natural rights it was explained, are innate and include "life, liberty, the pursuit of happiness and self preservation". *Id.* at 949. Such rights are not suspended by imprisonment. Civil rights, on the other hand, are the outgrowth of civilization necessary to the maintenance of organized government. *Id.* Those rights are lost, or at least suspended, during imprisonment. Such "civil rights" would include the right to file a civil action unrelated to his incarceration against an individual third party.

¶ 6 In an attempt to reconcile the two statutes quoted above, it appears to this court that a prisoner may bring an action based on allegations of violations of constitutional rights, privileges or immunities. 12 O.S. § 2003.1 (B)(8). The prisoner may also make employment contracts when it benefits his vocational training or release preparation. 21 O.S. § 65. Other civil rights are suspended and this would necessarily include the right to bring the instant action.

¶ 7 The order of dismissal is affirmed.

¶ 8 AFFIRMED.

¶ 9 GARRETT and BUETTNER, JJ., concur.