**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN DALE DUBUC,

       Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; JAMES
SAFFLE; BOBBY BOONE, Warden,

       Defendants - Appellees.

No. 02-7143
(D.C. No. 01-CV-596-P)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE** and **LUCERO**, Circuit Judges.

---

       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

       [*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Brian Dubuc, an Oklahoma state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action because it was barred by the statute of limitations. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In May 1998, the Oklahoma Department of Corrections changed its policy to preclude an inmate from storing more than one cubic foot of legal materials within a cell. Dubuc filed his action on October 22, 2001, alleging the policy obstructed his pending state and federal lawsuits. The district court granted defendants' motion to dismiss, finding Dubuc's claim was barred by Oklahoma's two-year statute of limitations. Dubuc filed a motion for reconsideration, which was denied.

Dubuc contends the two-year period was tolled due to his incarceration and because his injury did not accrue until February 2000 when his federal case was dismissed, purportedly as a result of the space limitation for legal materials within his cell. We have carefully reviewed Dubuc's filings with this court, the district court's orders, and the record on appeal. We agree with the district court that Dubuc's constitutional claim was time barred, that no Oklahoma tolling provision applies, and that the date upon which his materials were seized was the date his claim accrued. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988) (stating statute of limitations for § 1983 claims arising in Oklahoma is two years); Welborn v. Wallace, 18 P.3d 1079, 1080-81 (Okla. Civ. App. 2000) (recognizing Okla. Stat. Ann. tit. 21, § 65 does not prohibit a prisoner from filing claims alleging constitutional violations); Smith v. City of Enid, 149

F.3d 1151, 1154 (10th Cir. 1998) (holding determination of when a constitutional cause of action accrues is determined by federal law and, under federal law, an injury accrues when the plaintiff knows that his or her constitutional rights have been violated).

AFFIRMED. Dubuc is reminded of his obligation to continue making partial payments until the entire balance of his appellate filing fee is paid.

Entered for the Court

Mary Beck Briscoe
Circuit Judge