2009 OK 89

**Gina Jo CARRIGAN–ST. CLAIR, Executrix of the Estate of James Francis Carrigan, deceased, Plaintiff/Appellant,**

v.

**WILDWOOD PRESERVE FARMS, INC., an Oklahoman Corporation, Paul Eckstein, individually and as officer and shareholder of Wildwood Preserve Farms, Inc., Christine Rollins, individually and as officer and shareholder of Wildwood Preserve Farms, Inc., Hidden Valley Timber Company, Inc., and Love Box Company, Inc., Defendants/Appellees.**

No. 106,454.

Supreme Court of Oklahoma.

Nov. 30, 2009.

**ORDER**

¶1 The Court notes Appellant's application for appointment of a different judge on remand pursuant to 20 O.S.Supp.2008 § 95.10. Appellant's application for appointment of a district court judge on remand is hereby denied without prejudice to Appellant seeking relief upon remand in the District Court pursuant to Rule 15 of the Rules for District Courts, 12 O.S.2001 Ch. 2, App.

¶2 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE.**

/s/ James E. Edmondson
CHIEF JUSTICE

¶3 VOTE ON APPELLANT'S APPLICATION

ALL JUSTICES CONCUR.

¶ 4 VOTE FOR OFFICIAL PUBLICATION

ALL JUSTICES CONCUR.

OPALA, J., with whom TAYLOR, V.C.J., joins, concurring.

¶ 1 I write separately to explain my support for the court's order.

¶ 2 When sitting alone and acting without power expressly conferred by a published court rule, **the chief justice is unable to exercise any of the court's adjudicative authority.**[1] A request made before the Supreme Court to disqualify a judge of another court calls for the court's exercise of an adjudicative function.[2] The invoked statute, 20 O.S.Supp.2008 § 95.10,[3] is so narrowly drawn that its use could be justified **only in those rare instances** in which the record for appeal contains sufficient evidence to support the allegation that the judge whose decision was reversed upon review did not act in the case as a neutral and detached arbiter of the controversy.

¶ 3 If the Supreme Court movant cannot draw the needed proof from the appellate record, the effort to disqualify a judge by invoking § 95.10 would fail. Appellate courts are unable to give first-instance consideration to a motion for disqualification of a trial judge. **That process must commence** before the judge sought to be removed.[4]

¶ 4 In sum, the statute invoked by movant in this case may not be pressed for use in the absence of both allegation and proof that the record for appeal submitted with the quest for review will alone support the *factum* of the judge's demonstrated lack of detachment and neutrality in the litigated case.

---

1. The chief justice is one of nine justices and cannot claim any adjudicative power when acting alone. Art. 7, § 2, Okl. Const.

2. A motion to disqualify calls for the performance of an adjudicative act as distinguished from one made in the exercise of a managerial function. For a discussion of the judiciary's adjudicative and managerial powers see *Board of Law Library Trustees of Oklahoma County v. State ex rel. Petuskey,* 1991 OK 122, 825 P.2d 1285, 1289.

3. The terms of 20 O.S.Supp.2008 § 95.10 provide:
   A. Except as provided in subsection B of this section, in the event a civil case brought in a district court of the State of Oklahoma is appealed, and is subsequently reversed and remanded, in whole or in part, by final order of an appellate court of this state, the Chief Justice of the Supreme Court of Oklahoma may appoint a different district court judge or associate district court judge upon application to the Supreme Court pursuant to rules promulgated by the Court.
   B. If all parties are in agreement, the same district court judge or associate district court judge presiding in the case prior to appeal may preside over all proceedings in the case remanded to the district court.

4. The process for the disqualification of a judge begins before the trial judge. Rule 15 (Disqualification of Judges in Civil and Criminal Cases), Rules for District Courts of Oklahoma, 12 O.S. 2001, Ch. 2, App. Rule 15 provides a three-step process for challenging the assigned judge's neutrality and detachment. Without the assigned judge's critical on-the-record ruling, the movant cannot seek relief in this court in a proceeding for a writ of mandamus. *Clark v. Board of Educ. of Independent School District No. 89 of Oklahoma County,* 2001 OK 56, ¶¶ 9, 11, 32 P.3d 851, 855–56.