2011 OK 46

**Pamela L. CASEY, Plaintiff/Appellant,**

v.

**William F. CASEY, Defendant/Appellee.**

No. 106,398.

Supreme Court of Oklahoma.

May 24, 2011.

Rehearing Denied Jan. 9, 2012.

Larry Joe Freeman, FREEMAN LAW OFFICE, Shawnee, Oklahoma, for the appellant.

Larry Balcerak, SPROWLS & BALCE-RAK, Pauls Valley, Oklahoma, for the appellee.

EDMONDSON, J.

¶ 1 The issue is whether the trial judge abused his discretion when he refused to recuse himself in this divorce case after he voluntarily recused himself *sua sponte* in another case pending before him in which defendant's new wife sought a protective order against plaintiff. We find that the trial judge abused his discretion by refusing to recuse himself in this case.

¶ 2 Pamela Casey, now Pamela Boyd, married William F. Casey on August 28, 1992. She filed a petition for dissolution in July 2003, in Garvin County District Court. Judge Virgil Tipton heard the matter and entered a decree of dissolution and divided the property. On appeal, the Court of Civil Appeals reversed in part and remanded the matter, with instructions for the district court to: 1) determine the value of 366 acres within the evidentiary range shown in the record; 2) value the Yellow Canary shop inventory at $7.000; and 3) determine the extent of the marital component of the enhanced value of the business, Tex–Synergy, and equitably divide it. The Court of Civil Appeals directed the district court to adjust the overall marital property division to the extent necessary to achieve a fair and equitable distribution of the total marital estate.

¶ 3 On January 2 and January 3, 2008, hearing on remand was held before Judge Charles Gray. After hearing the evidence, Judge Gray took the matter under advisement. While the matter was under advisement, Judge Gray recused himself, *sua sponte*, from hearing a case filed by William F. Casey's new spouse seeking a protective order against his ex-wife, Pamela Boyd. The trial judge had only then realized that Pamela Boyd, the plaintiff in this case, was the same person against whom a felony charge of malicious injury to property had been filed when Judge Gray worked in the Garvin County District Attorney's office. Judge Gray explained that he still disagreed with the dismissal of that charge and felt too strongly about it and against Pamela Boyd to properly consider the matter. Pamela Boyd's counsel requested Judge Gray to re-

cuse in this divorce case and Judge Gray declined to recuse.[1]

¶ 4 Judge Gray proceeded to divide the property, entering a Court Minute in June 2008, that was memorialized by journal entry filed on September 11, 2008. Pamela Boyd again appealed and raised as an issue on appeal that the trial judge abused his discretion in failing to recuse in this matter when he had recused *sua sponte* in the protective order case in which she was also a party and revealed his negative feelings toward her.

■ ¶ 5 Oklahoma Constitution, Article 2, Section 6, requires that right and justice shall be administered without sale, denial, delay or prejudice.[2] In relation thereto, we have said:

"Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights. All are interested in the integrity, independence and impartiality of the judiciary, the most important and powerful branch of our government. Judges presiding over the courts should be unbiased, impartial and disinterested in the subject-matter in litigation, and it is of the utmost importance that all doubt or suspicion to the contrary be jealously guarded against, and, if possible, completely eliminated, to the end that we may maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state." *Hearn v. Miller,* 168 Okla. 411, 33 P.2d 506, 507 (1934), citing *State ex rel. Warner v. Fullerton,* 76 Okla. 35, 183 P. 979, 980 (1919).

¶ 6 In *Hearn,* the trial judge insisted that he was not unfriendly to the petitioner and that he could conduct a fair and impartial trial. We said:

"... while we do not doubt (the trial judge's) sincerity in this regard, yet the question is not so much whether he feels and insists that he would be able to give a fair and impartial trial, as it is whether his utterances and actions have been such as to preclude reasonable men from feeling that a fair and impartial trial, without bias or prejudice could be had before him."

¶ 7 We reiterated that the basic principle upon which the law rests is that every litigant is entitled to have his contentions heard and his rights determined by an impartial, unbiased and unprejudiced tribunal. We went on to say, citing *London v. Ogden,* 130 Okla. 89, 265 P. 139 (1928):

The members of the judiciary should so conduct themselves as to inspire the confidence of all, and so that every one will feel and know that in the courts their rights will be protected. This confidence could hardly exist if litigants were required, over their protests, to submit their cause for determination before a judge who has heretofore in an extended public statement made such forceful criticism of the party as to indicate his sincere bias or deep-seated prejudice. Where this has been done, the judge should not in justice to the litigant sit in the trial of his case. 33 P.2d at 507.

We said that, from the facts and circumstances in the case and in fairness and justice to the petitioners, the respondent judge should have certified his disqualification. We concluded that we had no alternative, under the applicable law, but to grant the writ of mandamus requiring the judge to disqualify.

¶ 8 We find that, based on the facts and circumstances in this case, and in fairness and justice to the plaintiff, the trial judge was obligated to recuse. The question, as stated above, is whether the trial judge's utterances and actions have been such as to preclude reasonable people from feeling that a fair and impartial trial could be had before him. The trial judge's voluntary recusal in the protective order matter was an admission that he could not treat the plaintiff with impartiality. This constitutes more than an

---

1. No record was made, but the appellant's account of what occurred regarding the recusal is not disputed by the appellee.

2. § 6. Courts of justice open—Remedies for wrongs—Sale, denial or delay.

The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

"appearance" of bias. Thus, it was improper for the trial judge to proceed to render judgment in this case.

¶ 9 The defendant argues that plaintiff failed to follow Rule 15, Rules of the District Courts, for seeking disqualification of a judge. Rule 15 requires that disqualification must be formally requested not less than ten days before the case is set for trial. Because the trial had already occurred, plaintiff's counsel believed that Rule 15 did not apply, and raised the judge's refusal to recuse under these circumstances as an issue on appeal. Defendant states that plaintiff failed to raise the issue at pre-trial conference, during opening statements, during the retrial or in the proposed findings of fact and conclusions of law. Defendant argues that plaintiff has failed to show that Judge Grey had partiality toward either party or had personal knowledge of disputed evidentiary facts concerning the issues on retrial. He argues that plaintiff's issue is nothing more than "sour grapes" over the property division.

¶ 10 Defendant's arguments are not responsive to the facts of this case. The plaintiff learned of the Judge's bias only *after* the trial had occurred, while the matter was under advisement. At the pretrial conference and during the trial, the judge's feelings toward Pamela Boyd were unrecognized, even to the judge himself. It was only after the trial, while the matter was under advisement, that the trial judge realized that he previously had encountered Pamela Boyd in a criminal matter and recognized his negative feelings toward her because of it.

¶ 11 Rule 15 is the procedure for determining *whether* a trial judge should be disqualified, based on the facts or circumstances alleged. The burden is on the party seeking disqualification to substantiate a claim that the appearance of a fair trial is not present, or that the judge's impartiality might reasonably be questioned. *Pierce v. Pierce*, 2001 OK 97 ¶ 19, 39 P.3d 791, 799. Here, the trial judge's recusing himself *sua sponte* in the other case before him in which Pamela Boyd was a party was an admission of his lack of impartiality toward Pamela Boyd. It is not necessary for this Court to

search the record to determine whether the trial judge's conduct or comments reflected bias or prejudice, nor do we need to reexamine the division of property in order to ascertain possible bias or prejudice.

¶ 12 Due process entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. Every litigant is entitled to nothing less than the cold neutrality of an impartial judge. *Miller Dollarhide, P.C. v. Tal,* 2007 OK 58 ¶ 17, 163 P.3d 548, 554. In *Tal,* we said:

> In disqualification proceedings the courts must be sensitive to the appearances of possible impropriety as well as to the actual occurrences. The purpose of disqualification when impartiality is called into doubt is to preserve the purity and impartiality of the court and to foster the respect and confidence of the people for its decisions. *Id.*

¶ 13 Canon 3(E) of the Code of Judicial Conduct, 5 O.S.2001, Ch. 1, App. 4 provides that a judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including, but not limited to instances where the judge has a personal bias or prejudice concerning a party or a party's lawyer. Where there are circumstances that cause doubts as to a judge's partiality, it is the judge's duty to disqualify, notwithstanding the judge's personal belief that he or she is impartial. *Miller Dollarhide, P.C. v. Tal,* 2007 OK 58 ¶ 17, 163 P.3d 548, 554. When such circumstances exist, the error, if any, should be made in favor of the disqualification rather than against it. Justice must satisfy the appearance of justice, even though this stringent rule may sometimes bar trials by judges who have no actual bias and who would do their very best to weigh the scales of justice between contending parties. *Id., citing Marshall v. Jerrico, Inc.* 446 U.S. 238, 243, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980).

¶ 14 In exceptional cases, especially where the demands of public policy require disqualification, this Court has the power to correct the error in refusing to disqualify, even as late as on the appeal, and will use that power if necessary to promote justice or

insure popular respect for the courts. *Morissette v. Musgrave*, 1940 OK 486 ¶ 14, 108 P.2d 123. Under the particular facts of this case, the trial judge was obligated to recuse himself and his subsequent property division ruling cannot stand. The cause is reversed and remanded with directions for the trial judge to certify his recusal and for the case to be transferred to a different judge for determination of the property division.

¶ 15 TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, GURICH, JJ.—Concur.

¶ 16 COMBS, J.—Not Participating.