2012 OK CIV APP 25

Sonny Lauren HARMON,
Plaintiff/Appellant,

v.

Charles DAMET, Jayne Yoakum–Damet,
Yoakum/Damet Funeral Home & First
American Bank of Purcell, Defendants.

No. 105,920.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Oct. 4, 2011.

Certiorari Denied Feb. 21, 2012.

Sonny Lauren Harmon, Holdenville, Oklahoma, Pro Se.

JANE P. WISEMAN, Judge.

¶ 1 Plaintiff filed an application for writ of mandamus based on the trial court's May 20, 2008, amended order dismissing his case with prejudice. The cause was recast as an ap-

peal from a final order.[1] After review of the record and relevant law, we reverse the trial court's amended order dismissing Plaintiff's case with prejudice and remand to proceed in accordance with the directions set forth in this Opinion.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 In Plaintiff's "Petition for Replevin" and "Statement of Death Upon the Record" filed November 1, 2007, Plaintiff states he is the sole executor and beneficiary of the "Last Will & Testament" of his mother who died on February 6, 2007. In his petition, Plaintiff seeks to recover personal property from Defendants that he alleges was taken from his mother by Defendant Charles Damet, a funeral home owner and director. Plaintiff asserts that Defendant Jayne Yoakum/Damet, Charles' wife, "is in possession of some of the herein named items of property being kept at the Yoakum/Damet Funeral Home of that business, her role is one of possession."

¶ 3 Although the certificate of mailing on the petition indicates July 2, 2007, as the date mailed to the McClain County Court Clerk, Plaintiff's petition was not filed until November 1, 2007. Because Plaintiff had difficulty getting the petition filed, he filed an "Application to Assume Original Jurisdiction" with the Oklahoma Supreme Court in case number 105,224 asking the Court to order the trial court to "respond to this court as to why [his] pleadings have not been filed" and order the trial court to file his pleadings. The Supreme Court denied his application.

¶ 4 On December 3, 2007, Plaintiff filed a "Motion for Summons to Issue" requesting the trial court to issue and serve summons on Defendants pursuant to the replevin statute, "*12 O.S. § 1571* (A)(3)." Plaintiff also requested his case be set for hearing pursuant to § 1571(A)(3).

¶ 5 On December 28, 2007, Plaintiff filed a second "Application to Assume Original Jurisdiction" in case number 105,404 asking the Supreme Court to direct the trial court to follow the requirements of § 1571 to serve Defendants with summons and set the matter for hearing.

¶ 6 The Oklahoma Attorney General's office responded arguing that Plaintiff (1) did not meet the requirements of 12 O.S. Supp. 2007 § 2003.1, (2) failed to show he has a legal right to relief, (3) failed to establish the trial court had a legal duty to "type and prepare summonses for him," "set a case for hearing before service of summons on the defendants," "type and prepare *ex parte* orders for parties under [§ 1571]" and "rule on a motion in the absence of proof of service of process on the defendants." The Attorney General also argued that the trial court is not able to issue summons or orders when Plaintiff never presented them to the trial court for issuance in the first place. The Attorney General also asserted that even if Plaintiff had presented an order pursuant to § 1571, the relief available under this statute is discretionary, not mandatory.

¶ 7 The district attorney's office of the Twenty–First Judicial District also responded arguing Plaintiff has failed to establish he is entitled to any relief and asked that Plaintiff "be prohibited from filing any further pleadings unless the appropriate fees are paid at the time of filing either in this Court or in any district court." On May 5, 2008, the Supreme Court denied Plaintiff's application to assume original jurisdiction.

¶ 8 On May 20, 2008, the trial court dismissed Plaintiff's replevin action with prejudice. In its order of dismissal, the trial court stated that on May 12, 2008, Plaintiff "mailed an amended petition to the McClain County Court Clerk for filing." The trial court also stated that "Plaintiff has at all times failed to comply with Title 12 Oklahoma Statutes Section 2003.1." The trial court directed the court clerk to "return the amended petition received from plaintiff together with a copy of this statute and a statement of the reasons for its return as set out in this order of dismissal."

¶ 9 On June 2, 2008, Plaintiff filed an application for a writ of mandamus and a request for an evidentiary hearing and oral argument

1. In an order dated June 3, 2008, the Oklahoma Supreme Court directed that "[t]his cause shall proceed as an appeal from a final order" pursuant to "12 O.S. § 990A."

before the Oklahoma Supreme Court. Plaintiff argues he is being denied access to the courts "based on a misplaced afterthought by the lower court on a theory" that *Welborn v. Wallace*, 2001 OK CIV APP 2, 18 P.3d 1079, *overruled by Mehdipour v. Wise*, 2003 OK 3, 65 P.3d 271, or 12 O.S. § 2003.1, "has any persuasive value in dismissing [his] Replevin filed under Title 12 § 1571, in the face of this Court[']s Ruling in [*Mehdipour v. Wise*], 2003 OK 3, 65 P.3d 271, which over-ruled [*Welborn*]." Plaintiff further argued that even though the trial court issued an amended order deleting the *Welborn* case, the amended order is still "based upon the misplaced theory discussed" in that case.

¶ 10 Plaintiff also seeks to recuse the trial court judge "due to his previous representation of [Plaintiff's] son, where a conflict of interest exist[s], in violation of the rules of professional conduct." Plaintiff further requests the Supreme Court to direct the trial court to "procure service of Summons and dispense speedy justice as required under Title 12 § 1571, including any hearings and or actions demanded by 1571–1580." Plaintiff requested an evidentiary hearing to resolve the conflict involving the denial of his access to the courts.

¶ 11 On June 2, 2008, Plaintiff filed a request for an "emergency stay" of a "final order of the district court, disposing of [Plaintiff's] Replevin Action without just cause, because [he] is an incarcerated inmate."

¶ 12 Plaintiff's application for a writ of mandamus was recast by the Supreme Court as an appeal of a final order and Plaintiff was directed to file a brief in chief. Plaintiff's issues on appeal are as follows: (1) the trial court improperly dismissed his replevin case with prejudice, and (2) the trial court should be disqualified due to a conflict of interest. In his appellate brief, Plaintiff further seeks sanctions against the trial court for its abuse of discretion.

2. This statute has not been amended since November 2004, and it is the version of the statute

## STANDARD OF REVIEW

¶ 13 The issue in this case concerns the construction of 12 O.S. Supp.2010 § 2003.1.[2] "In cases involving questions of law relating to statutory interpretation, the appropriate standard of review is *de novo*, 'i.e., a non-deferential, plenary and independent review of the trial court's legal ruling[s].'" *Hubbard v. Kaiser–Francis Oil Co.*, 2011 OK 50, ¶ 6, 256 P.3d 69, 72 (quoting *Fulsom v. Fulsom*, 2003 OK 96, ¶ 2, 81 P.3d 652, 654).

## ANALYSIS

### I. 12 O.S. Supp.2010 § 2003.1

¶ 14 Plaintiff filed this replevin action against Defendants during his incarceration following several felony convictions. Plaintiff argues the trial court improperly dismissed his case with prejudice. The trial court dismissed Plaintiff's case pursuant to § 2003.1(D). Title 12 O.S. Supp.2010 § 2003.1(D) provides:

If the court determines that the filing is a noncomplying petition, motion, or other pleading filed by an inmate in a penal institution appearing pro se, the action may not proceed, and it shall be returned together with a copy of this statute and a statement of the reason or reasons for its return. If the court determines that the inmate-plaintiff knowingly and willfully failed to comply with all the requirements of this section, the court may dismiss the case with prejudice.

When a trial court finds a petition does not comply with the statute, "it shall be returned together with a copy of [§ 2003.1] and a statement of the reason or reasons for its return." *Id.* The Supreme Court has interpreted this provision to allow the trial court "to return the petition only if it does not comply with the requirements set forth in § 2003.1(B) and (C)," and not for failure to state a claim. *Lowe v. Monard*, 1997 OK 100, ¶ 4, 942 P.2d 732, 733.

¶ 15 The Oklahoma Supreme Court "has often implicitly recognized the right of

used in the trial court's May 2008 order.

an imprisoned person to commence a private civil action against a third party." *Mehdipour*, 2003 OK 3 at ¶ 17, 65 P.3d at 274 (holding that plaintiff may be heard on his non-constitutionally based tort claim against his former attorneys). According to *Mehdipour*, 12 O.S. § 2003.1 "sets forth general requirements for information inmates must disclose when filing certain civil suits." *Mehdipour*, 2003 OK 3 at ¶ 7, 65 P.3d at 272–73. We must first address whether this statutory provision is applicable to the petition Plaintiff submitted in this case.

■ ¶ 16 The statute itself is somewhat unclear. It provides in subsection B that certain information shall be supplied "by an inmate who is seeking relief in a civil action." 12 O.S. Supp.2010 § 2003.1(B). Although § 2003.1 appears to apply generally to civil actions by inmates, much of the substantive information required to be supplied pertains to inmate actions against the State (or its departments, agencies, or subdivisions) for violations of the inmate's constitutional rights, privileges, or immunities. 12 O.S. Supp.2010 § 2003.1(B)(5), (6), (8), and (9). Subsection E of § 2003.1 also provides for a court-mandated reply by the inmate if a defendant claims either qualified or absolute immunity in its answer.[3]

¶ 17 However, there is nothing in the language of the statute itself, nor have we found any in our review of the case law interpreting this statute, that limits its requirements only to civil lawsuits asserting constitutional claims. We decline to apply the statute so narrowly, absent an indication of legislative intent to that effect. We conclude that § 2003.1, a provision which specifically applies to an inmate "seeking relief in a civil action," applies to Plaintiff's petition and that Plaintiff must follow its requirements.

■ ¶ 18 As to the issue of compliance or non-compliance, the trial court's amended order directs the court clerk to return Plaintiff's petition with a copy of the statute along with "a statement of the reasons for its return as set out in this order of dismissal." Pursuant to the statute, it is the duty of the trial court to review the filing, determine whether it is non-complying, and if it is, to see that the filing is returned with a copy of § 2003.1 and a statement of the reason(s) for its return. In the present case, neither the order itself nor the record shows the trial court complied with the last requirement. The trial court in its order did not inform Plaintiff of the court's reasons for rejecting his petition, that is, what the petition's deficiencies were with respect to § 2003.1. Without the court stating *how* his petition failed to comply with § 2003.1, Plaintiff was given no opportunity to cure its defects.[4] The trial court's order does not comply with the plain and unambiguous language of the statute. Nor does the language of § 2003.1 dictate automatic dismissal for failure to comply with its terms.[5]

¶ 19 In line with both the Oklahoma Constitution's mandate in Article 2, § 6 that "[t]he courts of justice of the State shall be open to every person" and cases interpreting this provision, it is not appropriate to dismiss such a petition unless it is clear that, having been given a full, fair and reasonable opportunity to comply with the requirements of § 2003.1, an incarcerated inmate *cannot or will not* comply with them. Plaintiff was not given proper notice of the court's reason(s) for rejection or an opportunity to correct

---

3. Pursuant to the directive in 12 O.S. Supp.2010 § 2003.1(F), the Administrative Office of the Courts has adopted forms (an Affidavit regarding previous lawsuits, a Petition, and an Order accepting or rejecting a petition) to be used in cases by inmates appearing *pro se* pursuant to § 2003.1. According to the Petition form available on www.oscn.net, "[t]his form is to be used by an inmate of a penal institution, pursuant to 12 O.S.2004 § 2003.1, for civil actions initiated against the State, the Department of Corrections, another state agency or political subdivision as set forth in 57 O.S. § 566."

4. It is clear from the nature of Plaintiff's claims, *i.e.*, a petition for the replevin of personal property, that several of the requirements listed in § 2003.1 directed at constitutional claims will not be applicable. However, a party in Plaintiff's position who is subject to § 2003.1 must so indicate as to a given question/item of information when complying with this section's provisions and may not simply ignore that requirement.

5. The statute provides that if the pleading is found to be non-complying, "the action may not proceed." 12 O.S. Supp.2010 § 2003.1(D).

specified deficiencies in order to comply with the statutory requirements.

¶ 20 We further see no evidence in the record on which the trial court could conclude, as stated in its order, that Plaintiff "knowingly and willfully failed to comply with the requirements of [§ 2003.1]." Absent such evidence, the trial court was without basis for such a finding. The trial court was therefore not justified in dismissing Plaintiff's case with prejudice.

¶ 21 The trial court's order dismissing Plaintiff's case with prejudice requires reversal. We vacate the dismissal and remand this case to the trial court to comply with the requirements of 12 O.S. Supp.2010 § 2003.1(D) as directed in this Opinion and to afford Plaintiff an opportunity to meet the trial court's notice of the petition's defects.[6]

*II. Disqualification*

¶ 22 Plaintiff also seeks the trial court's disqualification due to a conflict of interest. In his brief in chief, Plaintiff claims that the trial court judge should have recused himself from this case because the trial court's daughter represented Plaintiff in his "criminal trial in Garvin County [case numbers] CF–2002–53[,] 55, and 57, in which [his] appeals were recently reversed on misconduct of ineffective assistance of trial counsel." Plaintiff argues that, because of this, the trial court judge "had an axe to grind." Plaintiff further contends the trial court should have recused himself because he "represented [Plaintiff's] Son Tommy L. Harmon who[ ] testified against [Plaintiff] at [his] criminal trials."

¶ 23 We will not consider Plaintiff's request for the first time on appeal because he has failed to follow the proper procedure for seeking disqualification of a trial court judge. *Carrigan–St. Clair v. Wildwood Preserve Farms, Inc.,* 2009 OK 89, ¶ 3, 228 P.3d 1198, 1199 (Opala, J. concurring)("Appellate courts are unable to give first-instance consideration to a motion for disqualification of a trial judge. That process must commence before the judge sought to be removed." (Empha-

sis omitted.)). If Plaintiff wishes to seek such relief upon remand, he must afford the trial court the opportunity to address such a request made pursuant to Rule 15 of the Rules for District Courts of Oklahoma which governs the process for disqualifying a trial judge. *Id.* at n. 4, 228 P.3d 1198; *see also* Rule 15 of the Rules for District Court of Oklahoma, 12 O.S.2001, ch. 2, app.

¶ 24 Plaintiff has also asked for sanctions to be imposed on the District Court of Garvin County for the trial court's abuse of discretion in dismissing his case. We know of no authority for doing so, Plaintiff has cited none, and we decline to do so.

## CONCLUSION

¶ 25 We reverse the trial court's amended order dismissing Plaintiff's case with prejudice and remand to the trial court to proceed as directed by this Opinion. We will not consider Plaintiff's disqualification request for the first time on appeal because he has failed to follow the proper procedure for seeking disqualification of a trial court judge. Because the above analysis is dispositive, we will not address any remaining issues urged by Plaintiff on appeal.

¶ 26 **REVERSED AND REMANDED WITH DIRECTIONS.**

FISCHER, V.C.J., and BARNES, P.J., concur.

---

**6.** *See* footnote 3 *supra* regarding applicable forms from the Administrative Office of the

Courts.