OSCN Found Document:TIGGES v. ANDREWS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 TIGGES v. ANDREWS
2017 OK 9
Case Number: 115471
Decided: 01/31/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 9, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

DEBBIE TIGGES, as Guardian of RICHARD STEVEN TIGGES, DEBBIE TIGGES, individually, DEBBIE TIGGES as Parent and Next Friend of S.T., a minor, Petitioners,
v.
HONORABLE J. DON ANDREWS, Judge of the District Court of Oklahoma County, Respondent.

APPLICATION TO ASSUME ORIGINAL JURISDICTION AND
PETITION FOR WRIT OF MANDAMUS

¶0 Petitioners brought an application to assume original jurisdiction and requested issuance of a writ directing disqualification of the assigned trial judge under Rule 15, Rules for the District Courts of Oklahoma. Petitioners' sole basis for reassignment was language in 20 O.S. 2011 § 95.10; a statute which authorizes, but does not require, transfer of a case after reversal on appeal. Original jurisdiction is assumed. Petitioners' request to transfer this matter to a new trial judge is denied.

ORIGINAL JURISDICTION ASSUMED; WRIT DENIED

Joe E. White and Charles Weddle, White & Weddle, P.C., Oklahoma City, Oklahoma, for Petitioner Debbie Tigges
Derek K. Burch, Deanna L. Germany and James A. Scimeca, Burch, George & Germany, Oklahoma City, Oklahoma, for Petitioner Debbie Tigges
Michael D. McClintock, Andrew L. Richardson, and Jason A. McVicker, McAfee & Taft, Oklahoma City, Oklahoma, for Real Party in Interest Blue Haven Pools of Oklahoma City, Inc.
Andrew W. Lester and George Freeman, Spencer Fane LLP, Edmond, Oklahoma, for Real Party in Interest Hayward Industries, Inc.
Tori S. Levine, Wilson, Elser, Moskowitz, Edleman & Dicker, Dallas, Texas, for Real Party in Interest Hayward Industries, Inc.

PER CURIAM

Facts and Procedural History

¶1 Debbie Tigges is the spouse and legal guardian of Richard Steven Tigges. She is also the mother of S.T., a minor child.[1] In June 2014, Ms. Tigges filed a lawsuit against several defendants. The petition raised claims for personal injuries sustained by her husband and son after the family's swimming pool filter exploded during routine maintenance.

¶2 The retail seller of the pool and filtration system, Blue Haven Pools of Oklahoma City, Inc., filed a motion for summary judgment. In its motion, Blue Haven alleged the Petitioners' negligence and products liability claims were barred by the statute of repose set forth in 12 O.S. 2011 § 109.[2] By separate filing, co-defendant Haywood Industries, Inc. joined Blue Haven's motion for summary judgment, and adopted the facts and authority set forth in the pleading. In an order filed February 18, 2015, the trial court sustained defendants' motions, and entered summary judgment in favor of Blue Haven and Haywood Industries.

¶3 On February 23, 2015, Petitioners filed a motion asking the trial judge to reconsider his order granting summary judgment. Judge Andrews denied the motion in part, leaving the judgment for Blue Haven intact, but setting aside the judgment for Haywood Industries.[3] A journal entry awarding summary judgment to Blue Haven was filed on April 24, 2015. Additionally, Judge Andrews certified the judgment for immediate appeal under 12 O.S. 2011 § 994. Petitioners timely filed an appeal of the order awarding summary judgment to Blue Haven.

¶4 The Court of Civil Appeals affirmed summary judgment on all of the claims against Blue Haven, with the exception of Petitioners' claims based on Blue Haven's failure to warn. According to the COCA decision, disputed facts prevented summary judgment:

Plaintiffs claim that Blue Haven knew, or should have known, that the dangerous filter was discovered and corrective action has been taken to redesign the filter system component. Plaintiffs alleges [sic] that Blue Haven was then under a duty to warn and inform persons, such as Plaintiffs, but failed to do so and thereby breached its duty. This claim is not barred by Section 109.[4]

Petitioners and Blue Haven both sought certiorari in this Court. We declined to review the COCA opinion by order entered on April 4, 2016. Mandate issued on June 27, 2016.

¶5 Two days after the COCA opinion was filed, Petitioners' counsel made an in camera request under Rule 15, Rules for the District Courts of Oklahoma,[5] urging the assigned trial judge to disqualify himself from presiding over the case. Justification for reassignment was predicated on statutory language contained in 20 O.S. 2011 § 95.10, which reads:

A. Except as provided in subsection B of this section, in the event a civil case brought in a district court of the State of Oklahoma is appealed, and is subsequently reversed and remanded, in whole or in part, by final order of an appellate court of this state, the Chief Justice of the Supreme Court of Oklahoma may appoint a different district court judge or associate district court judge upon application to the Supreme Court pursuant to rules promulgated by the Court.

B. If all parties are in agreement, the same district court judge or associate district court judge presiding in the case prior to appeal may preside over all proceedings in the case remanded to the district court.

Petitioners argued that the language contained in § 95.10(B) required automatic reassignment, unless the Petitioners and Defendants agreed otherwise. Judge Andrews declined to disqualify himself and Petitioners filed a formal motion under Rule 15. After Judge Andrews once more declined to recuse, Petitioners' motion was re-presented to the Chief Judge of Oklahoma County and denied. Petitioners brought this original proceeding, urging issuance of a writ of mandamus directing Judge Andrews to step down from the case.[6]

 

Analysis

 

¶6 Article 7, § 4 of the Oklahoma Constitution vests this Court with superintendent authority over all lower tribunals in the state. This power includes the authority to manage judicial assignments as necessary. In particular, this Court has the discretion to reassign civil cases to a new judge following reversal on appeal. See, e.g., Murrell v. Cox, 2009 OK 93 ¶ 33, 226 P.3d 692, 700 (applying Section 20 O.S. § 95.10(A) sua sponte, this Court ordered reassignment to a different judge on remand when the record "demonstrate[d] that the trial court ha[d] exceeded its authority and abused its discretion").

¶7 A party may request reassignment of a trial judge following reversal on appeal by presenting an application to this Court under 20 O.S. 2011 § 95.10(A). An applicant seeking reassignment under this section must point to evidence within the original appellate record justifying judicial disqualification. This includes, but is not limited to, evidence of bias, prejudice, conflict of interest, a lack of objectivity, an appearance of impropriety, a manifest disregard for the law, or some other evidence the assigned judge is not a fair and objective jurist.

¶8 When the appellate record does not contain independent evidence to support transfer, a litigant may only request disqualification of a trial judge by utilizing the procedure outlined in Rule 15. See, e.g., Carrigan-St. Clair v. Wildwood Preserve Farms, Inc., 2009 OK 89, 228 P.3d 1198.[7]

¶9 Following remand of the original appeal in this case, Petitioners sought Judge Andrews' disqualification by employing the procedure set forth in Rule 15. However, Petitioners sole argument for reassignment was the COCA's partial reversal of Judge Andrew's order awarding Blue Haven summary judgment. Petitioners assert that because they no longer consent to the assignment of Judge Andrews, § 95.10(B) gives a party the ability to remove the assigned judge from their case. We disagree. Management of judicial assignments is a constitutional power vested solely with the judiciary. Okla. Const. Art. VII, § 4. Any usurpation of this Court's superintending administrative control over lower tribunals and its judicial officers would contravene the separation of powers provision in Okla. Const. Art IV, § 1.[8]

¶10 Petitioners have not provided this Court with any evidence to support disqualification of Judge Andrews. Mere reversal of a lower court's dispositive rulings will not, standing alone, provide a sufficient basis to warrant disqualification. Certainly in this case, the majority of Judge Andrews' legal rulings were affirmed by the COCA. Absent a showing of bias, prejudice, conflict of interest, a lack of objectivity, an appearance of impropriety, a manifest disregard for the law, or some other evidence the assigned judge is not a fair and objective jurist, any request for disqualification must be denied. See Casey v. Casey, 2011 OK 46, ¶¶ 11-13, 270 P.3d 109, 112. Accordingly, Petitioners' petition for a writ of mandamus ordering disqualification of Judge Andrews is denied.

ORIGINAL JURISDICTION ASSUMED; WRIT DENIED

¶11 Combs, C.J., Gurich, V.C.J., Watt, Winchester, Edmondson, Colbert, Reif, JJ., concur.

¶12 Kauger, J., not participating.

FOOTNOTES

[1] The three plaintiffs will be collectively referred to in this proceeding as Petitioners.

[2] This statute reads:

No action in tort to recover damages

(i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,

(ii) for injury to property, real or personal, arising out of any such deficiency, or

(iii) for injury to the person or for wrongful death arising out of any such deficiency,

shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

[3] Haywood Industries and Haywood Pool Products immediately removed the action to federal court. Tigges filed a motion seeking remand, which was granted by the federal district court on July 10, 2015. See Order in Tigges v. Haywood Industries, Inc., et al., Case No. CIV-14-450-F, Doc. 12 (July 10, 2015).

[4] COCA Opinion, p;. 9-10.

[5] 12 O.S. 2011, Ch. 2, App.

[6] Petitioners initially brought an original proceeding in Case No. 115,316. Because neither the assigned judge nor the chief judge had memorialized the rulings denying Petitioners' motion, we issued an order on October 18, 2016 dismissing the original proceeding as premature.

[7] As Justice Opala noted:

The invoked statute, 20 O.S.Supp.2008 § 95.10, is so narrowly drawn that its use could be justified only in those rare instances in which the record for appeal contains sufficient evidence to support the allegation that the judge whose decision was reversed upon review did not act in the case as a neutral and detached arbiter of the controversy.

If the Supreme Court movant cannot draw the needed proof from the appellate record, the effort to disqualify a judge by invoking § 95.10 would fail. Appellate courts are unable to give first-instance consideration to a motion for disqualification of a trial judge. That process must commence before the judge sought to be removed.

Carrigan-St. Clair, ¶¶ 2-3, 228 P.3d at 1199 (Opala, J. concurring).

[8] Art IV, § 1 reads:

The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2009 OK 89, 228 P.3d 1198, CARRIGAN-ST. CLAIR v. WILDWOOD PRESERVE FARMS, INC.
Discussed
 2009 OK 93, 226 P.3d 692, MURRELL v. COX
Discussed
 2011 OK 46, 270 P.3d 109, CASEY v. CASEY
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 109, Limitation of Action to Recover Damages Arising from Design, Planning or Construction of Improvement to Real Property
Cited
 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 95.10, Appointment of Judge on Remand to District Court - Agreement by All Parties
Discussed at Length